IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH REINTHALER, | ) | CASE NO. 4:19CV00279 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| DAVID W. GRAY, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDA-** |
| Respondent. | ) | **TION RE RESPONDENT DAVID W.** |
| | ) | **GRAY'S MOTION TO DISMISS** |
| | ) | **HABEAS CORPUS PETITION** |

**I.**

In his habeas corpus petition under 28 U.S.C. § 2254,[1] Joseph Reinthaler seeks in effect to reopen his state criminal case where he pled guilty to 71 counts of criminal misconduct and received a 13-year prison term.[2] The State, on behalf of Respondent David W. Gray in his official capacity as warden of Belmont Correctional Institution, has moved to dismiss the petition.[3] More than anything else, this case reflects so-called buyer's remorse, since the state court of appeals already granted some of the sentencing relief Reinthaler initially sought. Because Reinthaler presented none of his claims in the Supreme Court of Ohio and thus has failed to exhaust state court

---

[1] ECF #1.
[2] ECF #10-1, at 133.
[3] ECF #10.

1

remedies, because he procedurally defaulted on other claims which in some instances are contrary to the relief he had sought in state court, and because one of his claims is not cognizable in federal habeas proceedings, I recommend that the State's motion to dismiss Reinthaler's petition be granted.

## II.

*State Court Proceedings*

An indictment filed on November 25, 2015 in the Mahoning County Court of Common Pleas charged Reinthaler with one count of tampering with records and one count of forgery.[4] About four months later on March 31, 2016, a superseding indictment against him added a count for engaging in a pattern of corrupt activity and 68 counts for tampering with records.[5] Reinthaler operated an automobile dealership. As part of his business, he took in cars as trade-ins, and assured the sellers that he would pay off the existing liens on the cars. Instead of doing that, Reinthaler forged signatures and altered documents in a way that made it appear that he had paid off the liens when in fact he had not done so. Reinthaler then sold the trade-ins to unsuspecting buyers.[6]

Reinthaler pled guilty to all 71 counts.[7] On November 3, 2016, the state trial court sentenced him to two years imprisonment on Count 1; 12 months imprisonment on Count 2; ten years imprisonment on Count 3; and 12 months imprisonment on each of Counts 4

---

[4] ECF #10-1, at 1.
[5] *Id*. at 4.
[6] *Id*. at 74-75.
[7] *Id*. at 27.

2

through 71. The judgment entry further stated, "Counts One, Two and Three are to run *consecutively* to each other. Counts Four through Seventy One [sic] are to run *concurrently* to each other AND *consecutively* to Counts One, Two and Three for a **TOTAL PRISON TERM OF FOURTEEN (14) YEARS.**"[8]

Reinthaler appealed on two assignments of error:

> Appellant's plea was not made knowingly, intelligently and voluntarily as the trial court completely failed to advise Appellant of the effect of his plea and/or that upon acceptance of his plea that the court could proceed immediately to judgment and sentence thereby invalidating the plea as a whole.
>
> The sentence imposed against Appellant was in violation of 2929.14(C)(4) and contrary to law as the trial court did not make the necessary findings orally at the sentencing hearing and/or did not include any such findings in the sentencing order.[9]

On December 22, 2017, the Ohio Court of Appeals for the Seventh District overruled the first assignment of error but sustained in part the second assignment of error. The court of appeals held that the written judgment entry did not reflect the trial court's findings given orally at the sentencing hearing. "[T]he trial court's failure to incorporate those findings into the written sentencing entry amounts to a clerical error necessitating a *nunc pro tunc* entry to correctly align the language of the entry with the findings made at the sentencing hearing."[10] It added, "The sole reason for remand is to allow the trial court to enter a *nunc pro tunc* entry setting forth the applicable consecutive sentencing findings

---

[8] *Id*. at 38 (emphasis in original).
[9] *Id*. at 44.
[10] *Id*. at 83.

3

made at the sentencing hearing."[11] Reinthaler did not seek review by the Supreme Court of Ohio.

Nothing happened in Reinthaler's case despite the remand order. That is until March 21, 2018 when Reinthaler, this time proceeding pro se, filed in the same court of appeals an Application for Reopening (App. R. 26(B)) Ineffective Assistance of Counsel.[12] The first paragraph of Reinthaler's application reads as follows:

> Petitioner/Appellant expressly states that he is not seeking to vacate his plea deal, but is seeking to appeal his sentence for a more favorable/commensurate sentence. Petitioner accepts his guilt for the crimes that were committed; however, 1) the oral sentence is contrary to the Judgment Sentencing Entry, 2) The sentence was based on false material evidence, 3) There was/is an unconstitutional variance between indictment and sentencing, 4) The sentence was inconsistent with similarly sentenced (guilty plea) defendants, and, 5) Ineffective Assistance of Appellate Counsel for failing to raise these above claims in a direct appeal.[13]

On June 21, 2018, even though Reinthaler had not fulfilled the requirements of Ohio App. R. 26(B)(2)(d) by providing a sworn statement explaining the basis for his claim that appellate counsel's representation was deficient and how that deficiency prejudicially affected the appeal's outcome,[14] the court of appeals adjudicated his application by rejecting all but the first assignment of error.[15] "In summary, we find that appellate counsel provided ineffective assistance insofar as he failed to raise the variance between the sentence imposed at the sentencing hearing and the sentence imposed in the sentencing

---

[11] *Id.*
[12] *Id.* at 85.
[13] *Id.* at 86.
[14] *Id.* at 124.
[15] *Id.* at 125, 127-28.

4

entry on direct appeal."[16] The remand remedy was essentially the same the court of appeals had ordered six months earlier. Reinthaler again failed to present his claims in the Supreme Court of Ohio.

On July 3, 2018, the trial court issued its Judgment Entry of Sentence *Nunc Pro Tunc*.[17] The first difference between this order and its earlier sentencing order was in the paragraph dealing with concurrent and consecutive sentencing. The paragraph now read, "Counts One, Two and Three are to run ***consecutively*** to each other. Counts Four through Seventy One [sic] are to run ***concurrently*** to each other AND ***concurrently*** to Counts One, Two and Three for a **TOTAL PRISON TERM OF THIRTEEN (13) YEARS**."[18] The second difference was in the next two paragraphs where the trial court replaced provisions of Ohio Rev. Code 2924.14(C)(4) with case-related findings. Reinthaler did not seek review of this order in either the court of appeals or the Supreme Court of Ohio. Reinthaler never sought any state post-conviction relief under Ohio Rev. Code § 2953.21, which lays out the availability of a post-conviction relief petition for persons who have been convicted of a criminal offense.

*Federal Court Proceedings*

On February 6, 2019, Reinthaler filed in this Court a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus.[19] Reinthaler bases his petition on six grounds. Unlike

---

[16] *Id*. at 127-28.
[17] *Id*. at 129.
[18] *Id*. at 133 (emphasis in original).
[19] ECF #1.

5

his claims in the state court proceedings, however, this time he seeks to have his guilty plea and amended sentence overturned. His claims are as follows:

> GROUND ONE: PETITIONER'S GUILTY PLEA WAS NOT KNOWINGLY [sic] AND VOLUNTARY UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.[20]
>
> GROUND TWO: PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL IN VIOLATION OF THE SIXTH AMENDMENT.[21]
>
> GROUND THREE: PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL IN VIOLATION OF THE SIXTH AMENDMENT.[22]
>
> GROUND FOUR: PETITIONER IS ACTUALLY INNOCENT.[23]
>
> GROUND FIVE: PETITIONER [sic] CONVICTION IS AGAINST THE LEGAL AND FACTUAL SUFFICIENCY OF EVIDENCE AND IS NOT CONSISTENT WITH THE DEMANDS OF THE FEDERAL DUE PROCESS CLAUSE.[24]
>
> GROUND SIX: AS PETITIONER'S GUILTY PLEA WAS NOT KNOWINGLY AND VOLUNTARY MADE UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ACCEPTING THE PLEA [IN VIOLATION OF THE DUE PROCESS CLAUSE].[25]

On March 11, 2019, the District Judge referred this case to me for a report and recommendation.[26] On June 3, 2019, the State on behalf of Warden Gray filed a motion to

---

[20] ECF #1, at 8.
[21] *Id*. at 12.
[22] *Id*. at 15.
[23] *Id*. at 18.
[24] *Id*. at 20.
[25] *Id*. at 23 (brackets in original).
[26] ECF #5.

6

dismiss the petition,[27] which prompted an order from me staying briefing on the merits pending the outcome of the motion to dismiss.[28] On August 8, 2019, Reinthaler filed his brief in opposition to the motion to dismiss,[29] and the State filed its reply on August 23, 2019.[30] This report and recommendation addresses the State's motion to dismiss.

### III.

*Failure to Exhaust, Inexcusable Default, and Waiver*

*Ground One and Ground Six.* Ground one (plea not knowing and voluntary) and ground six (plea not knowing and voluntary and error to accept it) of the petition claim Reinthaler made and accepted his plea in violation of due process. Both grounds echo the first assignment of error in Reinthaler's direct appeal. The court of appeals rejected this assignment of error but remanded on the second assignment of error to conform the written sentencing order with what the trial judge had found during the sentencing hearing. Reinthaler never presented this court of appeals ruling to the Supreme Court of Ohio for further review. He also never sought any appellate review of the second sentencing order the trial court issued on July 3, 2018.

Reinthaler has failed to exhaust the claims he makes in these two grounds in state court. No procedural bar prevented him from requesting the Supreme Court of Ohio to review the decision of the court of appeals of December 22, 2017 rejecting his first

---

[27] ECF #10.
[28] ECF #11.
[29] ECF #13.
[30] ECF #14.

7

assignment of error. Instead, Reinthaler filed pro se an Application for Reopening on March 21, 2018 which he began by "expressly stat[ing] that he is not seeking to vacate his plea deal."[31]

A petitioner's failure to exhaust state remedies is normally fatal to federal habeas claims.[32] Moreover, the petitioner bears the burden of proving exhaustion.[33] In this instance, though, failure to exhaust the claims in state court does not do away with the claims entirely. The avenue of stay and abeyance remains as a way to salvage the claims in ground one and ground six, because a delayed appeal is still possible under the Rules of Practice of the Supreme Court of Ohio.[34] The Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances."[35] If employed too frequently, staying a federal habeas petition "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."[36]

My discretion in this regard is not unbounded. Stay and abeyance is appropriate only if I determine "there was good cause for the petitioner's failure to exhaust his claims

---

[31] ECF #10-1, at 86.
[32] *Rose v. Lundy*, 455 U.S. 509 (1982); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).
[33] *Rust*, 17 F.3d at 160.
[34] S. Ct. Prac. R. 7.01(A)(4).
[35] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).
[36] *Id.* (citing *Duncan v. Walker*, 533 U.S. 167, 179 (2001)).

8

first in state court."[37] Even then, I abuse my discretion if I grant the stay on "plainly meritless"[38] unexhausted claims.

The claims Reinthaler makes in ground one and ground six fail on both points. He explains the prison mailroom sent out his petition to the Supreme Court of Ohio via regular mail rather than overnight courier, and that's why review by the Supreme Court of Ohio never occurred.[39] Assuming this fact is true, it only explains the failure to exhaust the ruling of the court of appeals of June 21, 2018 on his Application for Reopening. It does not explain why Reinthaler never took the first ruling by the court of appeals on December 22, 2017 to the Supreme Court of Ohio.

Reinthaler's second explanation—his appellate counsel told him he did not need to file anything else since he had prevailed on the second assignment of error[40]—is also unconvincing. This explanation begs the question: Why then did Reinthaler file pro se the Application for Reopening expressly indicating he was not seeking to vacate his plea deal? That language would make no sense if Reinthaler thought he had erred in accepting the plea deal and was intending to assert that position at some point down the road.

Since August 3, 2016 when he changed his pleas to guilty,[41] Reinthaler had ample opportunity to seek to withdraw his guilty pleas if in fact he was dissatisfied whether because of ineffective assistance of counsel, unacceptable terms, or some other reason.

---

[37] *Id*.
[38] *Id*.
[39] ECF #13, at 16.
[40] *Id*. at 15.
[41] ECF #10-1, at 152.

9

Ohio Crim. R. 32.1 requires a motion to withdraw a plea of guilty or no contest be made before sentence is imposed, "but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."[42] Reinthaler never chose this path. Moreover, he gives no indication how he would now be able to show manifest injustice, especially since Ohio law allows that showing only in "extraordinary cases."[43] Reinthaler's is not such a case.

"[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."[44] Because Reinthaler has failed on all three—he cannot show good cause for his failure to exhaust, he cannot show his unexhausted claims are potentially meritorious, and he appears to have engaged in intentionally dilatory tactics—a decision in favor of stay and abeyance is inappropriate here. Accordingly, I recommend that the State's motion to dismiss with respect to ground one and ground six of the petition be granted.

*Ground Two and Ground Five.* Reinthaler never presented in the Ohio courts the claims he makes in ground two (ineffective assistance of trial counsel) and ground five

---

[42] In 2012, the Supreme Court extended the Sixth Amendment right to counsel to plea negotiations—several years before the state indicted Reinthaler. *Missouri v. Frye*, 566 U.S. 134 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012). ECF #10-1, at 1; 4.

[43] *State v. Smith*, 49 Ohio St. 2d, 261, 264 (1977) (using federal law as a guide for construing Ohio Crim. R. 32.1); *State v. Toda*, 2014-Ohio-943, slip op. 2014 WL 1326993, at *1 (7th Dist. Mar. 4, 2014) (noting the Ohio Supreme Court's definition of manifest injustice as a "clear or openly unjust act" only in "extraordinary cases") (citing *Smith*, *id.*).

[44] *Rhines*, 544 U.S. at 278.

10

(insufficiency of the evidence) even though he could have done so. Under the doctrine of res judicata, Reinthaler's default on these claims meant he was barred from presenting these particular claims under Ohio's post-conviction relief statute.[45] This failure of presentment in the state courts means these claims are procedurally barred from being heard in this federal habeas proceeding.[46] "If a habeas corpus petitioner is barred from presenting one or more claims to the state courts because of procedural default, he has waived those claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error."[47]

"To establish cause a petitioner must present a substantial reason to excuse his procedural default."[48] This substantial reason requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[49] As noted above, Reinthaler argues the cause requirement by pointing to the Belmont Correctional Institution's mail system and to the advice he received from his counsel, both of which he contends were outside of his control.[50]

---

[45] Ohio Rev. Code § 2953.21. *State v. Perry*, 10 Ohio St. 2d 175, 180 (1967). *See also Coleman v. Mitchell, supra*, 268 F.3d at 427; *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).
[46] *See*, *e.g.*, *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985).
[47] *Rust*, *supra*, 17 F.3d at 160.
[48] *Id.* at 161.
[49] *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citing as examples a showing that the factual or legal basis for a claim was not reasonably available to counsel or that some interference by officials made compliance impracticable).
[50] ECF #13, at 19, 24.

11

Reinthaler's plea of guilty was docketed in the Mahoning County Court of Common Pleas on August 9, 2016.[51] He was sentenced on November 3, 2016.[52] Only at the end of November did he arrive at BCI to serve his sentence. He still managed to get his direct appeal filed on time. Nothing in BCI's mail system prevented him from including in his direct appeal an additional assignment of error regarding insufficiency of the evidence. In fact, going back still further, nothing prevented him from challenging the superseding indictment on grounds of insufficiency of the evidence before he decided to plead guilty to all 71 counts.

As to the second cause Reinthaler argues regarding legal advice he received, "[t]hough ineffective assistance of counsel may constitute cause, . . . 'the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.'"[53] Like any other constitutional claim a petitioner wishes to make in federal court, the petitioner must first present an ineffective assistance of counsel claim in state court.[54] Reinthaler never did that.

As these claims fail the cause component, they similarly fail the prejudice component. "[T]he prejudice component of the cause and prejudice test is not satisfied if

---

[51] ECF #10-2, at 27.
[52] *Id.* at 34.
[53] *Rust, supra,* 17 F.3d at 161 (citing and quoting *Murray v. Carrier, supra,* 477 U.S. at 486-88).
[54] *Edwards v. Carpenter,* 529 U.S. 446, 451-52 (2000).

12

there is strong evidence of a petitioner's guilt and a lack of evidence to support his claim."[55] The state court record points to the strong evidence of Reinthaler's guilt reflected in the mere fact that he pled guilty to all 71 counts of the superseding indictment. The petition presents no new evidence calling into question the factual basis of the pleas, and nowhere in the record did Reinthaler ask to withdraw his pleas.

Reinthaler requests a hearing on this issue[56] during which he would presumably try to gather evidence of his innocence. As a matter of law, though, this evidence would unlikely assist his legal position. The Sixth Circuit "has specifically interpreted [Fed. Crim.] Rule 11(a)(2) to bar a defendant's challenge that evidence was insufficient to support a conviction, absent a conditional plea that specified the issue for preservation on appeal."[57] The law applies, of course, so long as the guilty plea is voluntary.[58] The same holds true for law in Ohio's Seventh District where Reinthaler's previous appeals were heard. "When a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors, including sufficiency of the evidence, unless such errors are shown to have prevented the defendant from making a knowing and voluntary plea."[59] Reinthaler challenges the voluntary nature of his pleas through this petition, but the state court of appeals has already rejected that assignment of error, and Reinthaler did not appeal the

---

[55] *Rust, supra*, 17 F.3d at 161-62 (citing *United States v. Frady*, 456 U.S. 152, 172 (1982)). *See also Maupin v. Smith, supra*, 785 F.2d at 139 (providing summary guidelines for defining the required showing of prejudice).
[56] ECF #13, at 22.
[57] *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008).
[58] *Id. See also United States v. Studabaker*, 578 F.3d 423, 429 (6th Cir. 2009).
[59] *State v. White*, slip op., 2002 WL 31169182, at *4 (Sept. 26, 2002, 7th Dist.) (citations omitted).

ruling to the Supreme Court of Ohio.[60]

Despite the failure to meet the cause and prejudice test, the claims in ground two and ground five can still be salvaged through the test's one exception: "the circumstance in which the habeas petitioner can demonstrate a sufficient probability that our failure to review his federal claim will result in a fundamental miscarriage of justice."[61] Reinthaler, though, provides nothing in the petition to suggest this would happen. He argues, "Here, Reinthaler is innocent of the offense upon which he was charged and there are clear violations of federal law that exist. As such, if this conviction should be made to stand it would be a miscarriage of justice."[62] Conclusory statements like these are no more helpful than his proclamations of actual innocence. Without more, Reinthaler's claims in ground two and ground five have been waived. Accordingly, I recommend that the State's motion to dismiss with respect to ground two and ground five of the petition be granted.

*Ground Three.* In ground three of his petition, Reinthaler claims ineffective assistance of appellate counsel.[63] He has been down this road before in his pro se Application for Reopening, which he filed on March 21, 2018. Ground three boils down to an attempt to take another crack at drafting an assignment of error to cover a far broader assortment of errors Reinthaler believes his appellate lawyer committed.[64] The hurdles he

---

[60] ECF #10-1, at 75-76.
[61] *Edwards v. Carpenter, supra,* 529 U.S. at 451 (citing *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)). *See also Benton v. Brewer,* slip op., ___WL___, at p.3, Case No 18-1869 (6th Cir. Nov. 6, 2019) (identifying this exception as a showing of actual innocence and citing *Sawyer v. Whitley,* 505 U.S. 333, 338-39 (1992)).
[62] ECF #13, at 21-22.
[63] ECF #1, at 15.
[64] ECF #1, at 15-17.

14

faces in bringing the claim of ineffective assistance of appellate counsel in a federal habeas proceeding are three-fold: he did not exhaust state court remedies on the portion of his claim the court of appeals rejected; he waived the portion of his claim he never brought in state court because of procedural default; and he cannot show cause and prejudice for excusing either.

In *Rust v. Zent*, the Sixth Circuit applied Ohio law in explaining how a prisoner can bring a claim of ineffective assistance of appellate counsel in Ohio courts.

> [C]laims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Ohio Supreme Court; and, where time periods for reconsideration in the court of appeals and direct appeal to the Ohio Supreme Court have expired, a delayed claim of ineffective assistance of appellate counsel must first be brought in an application for delayed reconsideration in the court of appeals where the alleged error took place, and, if delayed reconsideration is denied, the defendant must file a delayed appeal in the Ohio Supreme Court.[65]

Reinthaler followed these steps part of the way. In his pro se Application for Reopening, he complied with Ohio App. R. 26(B) by claiming ineffective assistance of appellate counsel. He accepted his guilt, but argued:

> 1) the oral sentence is contrary to the Judgment Sentencing Entry, 2) The sentence was based on false material evidence, 3) There was/is an unconstitutional variance between indictment and sentencing, 4) The sentence was inconsistent with similarly sentenced (guilty plea) defendants, and, 5) ***Ineffective Assistance of Appellate Counsel for failing to raise these above claims in a direct appeal***.[66]

---

[65] *Rust, supra*, 17 F.3d at 160.
[66] ECF #10-1, at 86 (emphasis added).

15

On June 21, 2018, the state court of appeals granted partial relief on this assignment of error:

> {¶15} In summary, we find that appellate counsel provided ineffective assistance insofar as he failed to raise the variance between the sentence imposed at the sentencing hearing and the sentence imposed in the sentencing entry on direct appeal. Appellant's remaining assignments of error have no merit.[67]

Reinthaler never appealed this ruling to the Supreme Court of Ohio—perhaps because he had won a meaningful portion of the relief he was seeking. Because he never took his claim to the next step, he failed to exhaust state court remedies. To the extent the new claim of ineffective assistance of appellate counsel goes beyond the assignment of error he raised in the state court of appeals, Reinthaler has defaulted on that portion of his claim, because he never presented it to a state court. The failure to exhaust and waiver now bar Reinthaler from raising ground three in a federal habeas proceeding.

> We emphasize that the federal claim must be fairly presented to the state courts. If the exhaustion doctrine is to prevent "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution," *Ex parte Royall*, … 117 U.S. [241], at 251 (1886) …, it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.[68]

---

[67] *Id*. at 127-28.
[68] *Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (citing *Darr v. Burford*, 339 U.S. 200, 203 (1950), and *Davis v. Burke*, 179 U.S. 399, 401-03 (1900)).

16

Reinthaler cannot salvage his claims in ground three by arguing stay and abeyance, since the Supreme Court of Ohio does not allow delayed appeals on applications for reopening.[69]

Reinthaler also cannot salvage his claims by showing cause and prejudice or a miscarriage of justice for the reasons explained above, which apply with even greater force here. His explanation that the mailroom at Belmont Correctional Institution mishandled his papers by failing to deliver them to the Supreme Court of Ohio by overnight courier or that his appellate lawyer gave flawed legal advice[70] does not address why Reinthaler missed in his Application for Reopening so much of the broader claim regarding ineffective appellate counsel. After all, asserting a claim for ineffective assistance of appellate counsel was the purpose behind that application. Reinthaler provides no reason why he failed to include in that claim the wide variety of appellate lawyer errors he now raises for the first time. "To constitute cause, that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted."[71] Reinthaler's claim for ineffective assistance of appellate counsel fails on all these fronts.

Further, it would be seemingly impossible to assert a legitimate claim for a miscarriage of justice when the state court of appeals granted relief in part on Reinthaler's claim for ineffective assistance of appellate counsel. He got in part what he wanted. He now wants more, even though he never raised the reasons for that additional relief in any

---

[69] S. Ct. Prac. R. 7.01(A)(4)(c) ("[t]he provision for delayed appeal does not apply to appeals involving postconviction relief or appeals brought pursuant to App. R. 26(B)").
[70] ECF #13, at 24-25, 30-31.
[71] *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir 2005).

17

of the state courts. Because of this failure to exhaust state court remedies and waiver of claims due to procedural default, I recommend that the State's motion to dismiss with respect to ground three of the petition be granted

### *Non-cognizable Actual Innocence Claim*

*Ground Four.* Ground four (actual innocence) of the petition raises an actual innocence claim. Reinthaler appears to use this ground as a catch-all in case his other claims encounter procedural or other statutory bars. He claims this is a federal issue preserved under the Anti-Terrorism and Effective Death Penalty Act, and, thus, could not be raised on direct appeal.[72]

Reinthaler's free-standing innocence claim, which is not coupled with allegations of constitutional error at trial, matches the type of claim the Sixth Circuit has routinely rejected as not cognizable in federal habeas proceedings. "In the wake of *Schlup* [*v. Delo*, 513, U.S. 298 (1995)], we have repeatedly indicated that such claims are not cognizable on habeas."[73] The record below shows that Reinthaler pled guilty to 71 counts. He contested on direct appeal not being informed that the trial court could proceed immediately to judgment and sentence thereby invalidating the plea as a whole—something that, whether correct or not, never happened in his case. Reinthaler also contested on direct appeal the trial court's failure to include in the sentencing order findings orally communicated to him

---

[72] *Id*. at 18.
[73] *Cress v. Palmer*, 484 F.3d 844, 854 (2007) (citing *Zuern v. Tate*, 336 F.3d 478, 482 n.1 (6th Cir. 2003); *Staley v. Jones*, 239 F.3d 769, 780 n.12 (6h Cir. 2001); and *House v. Bell*, 311 F.3d 767, 768 (6th Cir. 2002 (en banc), *op. after certified question denied*, 386 F.3d 668 (6th Cir. 2004), *rev'd and remanded*, 547 U.S. 518 (2006)).

at the sentencing hearing—the ground on which the court of appeals granted the relief he sought. Because the petition and the record below do not suggest any type of constitutional error at the trial court level to which Reinthaler could possibly couple his innocence claim, his free-standing innocence claim is not cognizable in federal habeas proceedings. Accordingly, I recommend that the State's motion to dismiss with respect to ground four of the petition be granted.

**IV.**

Reinthaler seeks to use the federal court as a forum to overturn his plea and to present for the first time claims that he never presented to the state courts, or never exhausted through the state courts. Post-conviction relief on the federal level is neither designed nor intended to provide a state prisoner relief in these situations, unless the prisoner's claims meet certain exceptional criteria, which Reinthaler cannot show. For these reasons, I recommend that the State's motion to dismiss Reinthaler's petition be granted.

\* \* \* \* \* \*

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of service of this notice. Failure to file timely objections within the specified time shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.[74]

---

[74] *See* Local Rule 72.3(b); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Am*, 474 U.S. 140 (1985).

Dated: December 23, 2019          <u>s/ William H. Baughman, Jr.</u>
                                                                  United States Magistrate Judge